**ZHENG JIAN CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–40369–ag.

United States Court of Appeals, Second Circuit.

July 20, 2006.

James E. Moore (Gary J. Yerman, on the brief), New York, NY, for Petitioner.

Barbara S. Sale, Assistant United States Attorney (Allen F. Loucks, United States Attorney for the District of Maryland, on the brief), Baltimore, MD, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Zheng Jian Chen (A 78 751 277), a citizen of China, petitions for review of a final order of the BIA affirming Immigration Judge Roxanne C. Hladylowycz's ("the IJ") decision, which denied Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on the basis of an adverse credibility determination. We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

Where, as here, the BIA adopts the IJ's decision without opinion, we review the IJ's decision directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir. 2003). We will uphold an IJ's adverse credibility determination if it is supported by "reasonable, substantial, and probative evidence in the record when considered as a whole." *See id.* at 307 (internal quotation marks omitted). We will reverse such a determination if it is based on "speculation or conjecture, rather than on evidence in the record." *See id.* (internal quotation marks omitted).

■ In this case, the findings on which the IJ's adverse credibility determination was based are not supported by substantial evidence. The first finding upon which the IJ relied was Chen's failure to give reasonably detailed and consistent testimony regarding visits to his home by Chinese family planning officials. On this point, however, our review reveals no inconsistency in Chen's testimony or any point at which Chen was asked for material detail but failed to provide it. Because the IJ did not specify any inconsistency or material vagueness, her finding is not an adequate basis for an adverse credibility determination. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004).

■ The next finding upon which the IJ relied was that Chen was not arrested after an alleged altercation with family planning officials. Chen explained that after the altercation, his parents and several of his neighbors intervened and prevented the officials from arresting him. The IJ found that it was "surprising[ ]" and made "absolutely no sense" that Chen was not arrested, but did not address Chen's explanation or offer any rationale or support for her conclusion. As such, this finding was speculative and an insufficient basis for the adverse credibility determination. *See Secaida–Rosales*, 331 F.3d at 307.

■ The IJ next relied upon the fine notice Chen received from the Chinese family authorities, concluding that the notice was "highly suspect" because it did not include an actual fine amount. The IJ explicitly rested on the premise that the notice should have included the fine amount. Chen explained that local government officials told him the amount of the fine. The IJ apparently doubted this explanation but did not explain why. Without any such indication, her assessment is not based on "specific, cogent reasons" that "bear a legitimate nexus" to Chen's credibility, and therefore may not comprise part of her adverse credibility determination. *See Secaida–Rosales*, 331 F.3d at 307 (internal quotation marks omitted).

■ The IJ also found it suspect that Chen and his wife were not listed as mar-

ried on their respective household registries. Chen explained, however, that it takes years for the government to update household registries. The IJ again apparently rejected this explanation without stating why. The IJ's implicit finding that the household registry, if authentic, would necessarily have listed Chen and his wife as married is therefore speculative and may not comprise part of her adverse credibility assessment. Moreover, the IJ failed to account for Chen's son's birth certificate, which sets forth that Chen and his wife are the child's natural parents.

The IJ further based her adverse credibility determination on Chen's failure to provide evidence that his wife was subjected to an IUD insertion in May 1994, and his wife's IUD checkup booklet, which would have included notations of her IUD checkups following the second IUD insertion. In order for an immigration judge to discredit an asylum candidate for lack of sufficient corroboration, "the adjudicator must (a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available to petitioner." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003). In this instance, the IJ failed to establish whether these documents were reasonably available to Chen, instead setting forth that they "presumably" were available. Accordingly, the IJ improperly relied on the absence of corroborating evidence. *See Diallo v. INS*, 232 F.3d 279, 289–90 (2d Cir.2000).

Finally, the IJ found it suspicious that certain numbers on Chen's national identification card differed from those on his marriage certificate. We address this finding in a concurrently filed published opinion, in which we conclude that it was not supported by substantial evidence and that the agency on remand should attempt to determine the source of the inconsistency.

In sum, the IJ's adverse credibility determination relies on findings that are unsupported by substantial evidence. We are unable to "confidently predict that the IJ would reach the same decision absent the errors that were made," and thus remand is appropriate. *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 162 (2d Cir.2006) (internal quotation marks omitted); *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005).

For the reasons set forth above and in our concurrently filed published opinion, we GRANT the petition, VACATE the order of the BIA, and REMAND the case for further proceedings consistent with our decisions. We also VACATE the stay of removal previously entered.